[Cite as *Miller v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-7052.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ELLIOT MILLER

    Plaintiff

    v.

DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

Case No. 2011-09667

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶1} This case is sua sponte assigned to Judge Joseph T. Clark to conduct all proceedings necessary for decision in this matter.

{¶2} On October 31, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On November 18, 2011, plaintiff filed a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶3} Civ.R. 56(C) states, in part, as follows:

{¶4} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to

have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶5} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Mansfield Correctional Institution (ManCI) pursuant to R.C. 5120.16. Plaintiff alleges that on March 24, 2011, ManCI correctional officers Lewis and Wojciechowski assaulted him.

{¶6} Defendant argues that plaintiff's allegations are false and that any force used by Lewis and Wojciechowski was necessary to control and subdue plaintiff when he refused to comply with prison rules and their orders.

{¶7} The Ohio Administrative Code sets forth the circumstances under which force may be lawfully utilized by prison officials and employees in controlling inmates. Ohio Adm.Code 5120-9-01(C) provides, in relevant part:

{¶8} "(2) Less-than-deadly force. There are six general circumstances in which a staff member may use force against an inmate or third person. A staff member may use less-than-deadly force against an inmate in the following circumstances:

{¶9} "(a) Self-defense from physical attack or threat of physical harm;

{¶10} "(b) Defense of another from physical attack or threat of physical attack;

{¶11} "(c) When necessary to control or subdue an inmate who refuses to obey prison rules, regulations or orders;

{¶12} "(d) When necessary to stop an inmate from destroying property or engaging in a riot or other disturbance;

{¶13} "(e) Prevention of an escape or apprehension of an escapee; or

{¶14} "(f) Controlling or subduing an inmate in order to stop or prevent self-inflicted harm."

{¶15} The court has recognized that "corrections officers have a privilege to use force upon inmates under certain conditions. * * * However, such force must be used in

the performance of official duties and cannot exceed the amount of force which is reasonably necessary under the circumstances. * * * Obviously 'the use of force is a reality of prison life' and the precise degree of force required to respond to a given situation requires an exercise of discretion by the corrections officer." *Mason v. Ohio Dept. of Rehab. & Corr.* (1990), 62 Ohio Misc.2d 96, 101-102. (Internal citations omitted.)

{¶16} In support of its motion, defendant filed the affidavits of Lewis and Wojciechowski. Lewis states:

{¶17} "1. I am currently employed full time by defendant * * * as a corrections officer at [ManCI].

{¶18} "2. I have personal knowledge and I am competent to testify to the facts contained in this Affidavit.

{¶19} "3. Plaintiff * * * is an inmate in the custody of [defendant] and is presently incarcerated at ManCI.

{¶20} "4. I am familiar with [plaintiff] and recall the March 24, 2011 incident [plaintiff] alleges in his July 21, 2011 complaint.

{¶21} "5. I have personally reviewed the Complaint filed in this matter.

{¶22} "6. On March 24, 2011, Corrections Officer Wojciechowski and I responded to a call that [plaintiff] had been fighting with other inmates in cell block 1A.

{¶23} "7. Upon our arrival at the scene of the altercation, it became apparent that [plaintiff] was intoxicated as he was stumbling and slurring his speech.

{¶24} "8. We attempted to escort [plaintiff] out of the pod.

{¶25} "9. [Plaintiff] resisted our attempts to escort him and was given direct orders to stop resisting and keep walking.

{¶26} "10. [Plaintiff] continually refused to obey direct orders given by myself and Officer Wojchiechowski [sic].

{¶27} "11. [Plaintiff] became combative and refused to walk.

{¶28} "12. After repeatedly refusing to obey direct orders, Corrections Officer Wojciechowski gave [plaintiff] a short burst of o.c.

{¶29} "13. No further force was used.

{¶30} "14. The force used was necessary to control or subdue [plaintiff] who refused to obey prison rules, regulations, or orders."

{¶31} Wojciechowski's affidavit corroborates Lewis' statements regarding the incident.

{¶32} In response to defendant's motion, plaintiff filed two letters from the Director of the Correctional Institution Inspection Committee dated August 18, 2011, and August 26, 2011. These letters were not sent to plaintiff and were not in reference to the incident plaintiff describes in his complaint. Indeed, the letters do not reference any specific acts of force by ManCI corrections officers and are in response to a letter sent by another inmate. The letters offer no evidence to contradict the statements made by Lewis and Wojciechowski.

{¶33} Based upon the undisputed affidavit testimony provided by defendant, the court finds that Lewis and Wojciechowski used no more force than was necessary to subdue plaintiff and make him comply with prison rules and their orders. Accordingly, defendant is entitled to judgment as a matter of law.

{¶34} Based upon the foregoing, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Ashley L. Oliker                          Elliot Miller, #570-436
Assistant Attorney General                Mansfield Correctional Institution
150 East Gay Street, 18th Floor           P.O. Box 788
Columbus, Ohio 43215-3130                 Mansfield, Ohio 44901

MCR/dms
Filed December 20, 2011
To S.C. reporter March 20, 2012